IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00234-CR

 

In re
Richard Ray Reyes, Sr.

 

 

 



Original Proceeding

 



DISSENTING Opinion










 

          For the reasons set out in my
dissenting opinion dated May 11, 2005 in Reyes v. State, No.
10-05-00087-CR, 2005 Tex. App. LEXIS 2265 (Tex. App.—Waco, March 23, 2005, no
pet. h.) (Gray, C.J., dissenting, May 11, 2005), I dissent to the Memorandum
Opinion in this proceeding.  The Court of Criminal Appeals has returned the
document that we forwarded to it which we received after we issued our earlier
opinion.  See Reyes v. State, No. 10-05-00087-CR, 2005 Tex. App. LEXIS
2265 (Tex. App.—Waco, March 23, 2005, no pet. h.) (Vance, J., concurring, May
11, 2005) (regarding forwarding the documents to the Court of Criminal Appeals
as a Petition for Discretionary Review).

          The Court of Criminal Appeals indicated
they had determined the document to be a petition for writ of mandamus.  Upon
its return, the majority split the document and filed two mandamus proceedings,
In re Reyes, 10-05-00234-CR (this proceeding) and In re Reyes,
No. 10-05-00246-CV, 2005 Tex. App. LEXIS 4854 (Tex. App.—Waco, June 22, 2005,
orig. proceeding).

          I believe the self-crafted document filed
in this proceeding labeled Petition for Writ of Corum Nobis is actually a motion
for rehearing applicable to Reyes v. State.  Reyes v. State, No.
10-05-00087-CR, 2005 Tex. App. LEXIS 2265 (Tex. App.—Waco, March 23, 2005, no
pet. h.) (Gray, C.J., dissenting, May 11, 2005).  While the Court of Criminal
Appeals characterized the document forwarded to it as a petition for writ of
mandamus, maybe the Court of Criminal Appeals and I are looking at two
different parts of the document received from Reyes for filing at the same
time.  See Reyes v. State, No. 10-05-00087-CR, 2005 Tex. App. LEXIS
2265, *11, fn 1 (Tex. App.—Waco, March 23, 2005, no pet. h.) (Gray, C.J.
dissenting, May 11, 2005).  The majority has disposed of the other document as
a petition for writ of mandamus as the Court of Criminal Appeals had also
characterized it.  See In re Reyes, No. 10-05-00246-CV, 2005 Tex. App.
LEXIS 4854 (Tex. App.—Waco, June 22, 2005, orig. proceeding).

          Now, however, in its opinion, the
majority has changed the characterization of the document filed in this
proceeding from a writ of mandamus, as we had notified Reyes when it was
returned, split, and filed, to a writ of habeas corpus, upon the basis that a
petition for writ of corum nobis has previously been held to be a petition for
writ of habeas corpus.  Majority Op., pg. 1, citing Martinez v. State,
419 S.W.2d 369 (Tex. Crim. App. 1967).  We should do what the Court of Criminal
Appeals did in Martinez and look at the substance of the pleading and
decide the issue, including sometimes, what the document itself is.  In this
case, it appears that this is a motion for rehearing of Reyes’s original appeal
which we dismissed.  See Reyes v. State, No. 10-05-00087-CR, 2005
 Tex. App. LEXIS 2265 (Tex. App.—Waco, March 23, 2005, no pet. h.).  Thus, this
part of the document, assuming it was proper to separate it from the petition
for writ of mandamus, is a motion for rehearing.  I would grant the rehearing
and correct the designation so that the original appeal is designated as a
civil appeal, not a criminal appeal, and proceed from there to address the
merits or otherwise properly dispose of that civil appeal.  See id., (Gray,
C.J., dissenting, May 11, 2005).

          It is almost humorous to note that the
last paragraph of the opinion is necessary only if this is designated a civil
proceeding.  That is what I contend it is.  If it is a criminal proceeding, as
the majority has maintained that it is, the last paragraph has no place in this
proceeding.  

I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed July 13, 2005

Publish






 delivered and filed May 29, 2002
Publish